IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GERMAINE PERRY,<br><br>　　　　Defendant. | Case No. CR12-0016<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of April, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 3, 2012, Defendant Germaine Perry was charged by Indictment (docket number 2) with being a felon in possession of a firearm. At the arraignment on April 11, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on June 11, 2012.

At the hearing, Cedar Rapids Police Officer John O'Brien testified regarding the circumstances underlying the instant charge.[1] On December 28, 2011, Defendant was stopped around midnight for a traffic violation. Defendant failed to produce valid car insurance. As a result, law enforcement impounded Defendant's vehicle and performed an inventory search of the car. On the front driver's side floor, law enforcement found a .38 caliber revolver with five rounds hidden under a towel. Law enforcement also found a large knife under the driver's seat.

---

[1] O'Brien is currently assigned to the FBI "Safe Streets" Task Force.

Defendant was transported to the police station and interviewed by officers. He told police that earlier that day, he saw an individual drop something in an empty lot near his mother's house. He went to see what the individual had dropped, and found the firearm and knife. He took the weapons and put them in his vehicle.

Prior to his arraignment on the instant charge, Officer O'Brien interviewed Defendant a second time regarding the firearm and knife found in his vehicle on December 28, 2011. Defendant told O'Brien essentially the same story that he told the police officers on December 28. Defendant told O'Brien that he placed the weapons in his car to keep them safe and away from the young people in his home.

According to the pretrial services report, Defendant is 38 years old. He was born and raised in Chicago, Illinois. His mother and two siblings live in Cedar Rapids, Iowa. He also has three siblings who live in Chicago. In 2004, while on parole in Illinois, Defendant moved to Cedar Rapids. In 2005, he was returned to prison in Illinois for violating his parole by leaving the state and moving to Cedar Rapids. In 2006, after being discharged from prison, he returned to Cedar Rapids to live near his family. Defendant is married, but is currently separated from his wife. He has no children from this marriage, but has three children from a prior relationship. Two of his children are adults, and his other child is 17 years old and lives with his mother in Minneapolis, Minnesota. Prior to his arrest, Defendant was living with his girlfriend.

Defendant has been unemployed since the spring of 2011. He told the pretrial services officer that he "babysits" his girlfriend's 8-month-old grandchild while his girlfriend is at work. Prior to being unemployed, he worked for several months in late 2010/early 2011 delivering newspapers for a Cedar Rapids paper. Also in 2010, he worked two weeks at Pearson in Cedar Rapids, before injuring himself on the job. He received a workman's compensation settlement for his injuries.

Defendant reported that he suffers from a blood clot disorder. He is prescribed medication for his condition. He reports no history of mental or emotional health

concerns. He told the pretrial services officer that he does not consume alcohol, and only occasionally uses marijuana. He also told the pretrial services officer that he participated in a drug treatment program while on probation for a 2008 controlled substance violation.

Turning to his criminal history, in 1992, Defendant was charged and later convicted in separate instances of robbery and possession of a controlled substance. In February 1993, Defendant was sentenced on both charges to 3 years in prison. He was paroled in December 1993, and discharged from parole in December 1995.

In March 1995, while on parole in the robbery and possession of a controlled substance charges, Defendant was charged with battery. The disposition of that charge is unknown. In August 1995, also while on parole in the robbery and possession of a controlled substance charges, Defendant was charged with possession of marijuana. Again, the disposition of that charge is unknown. In May 1996, Defendant was charged with aggravated criminal sexual assault. The disposition of that charge is also unknown.

In January 1997, Defendant was charged and later convicted of armed robbery. He was sentenced to 11 years in prison. In February 2004, he was paroled. In April 2005, Defendant was charged as a fugitive from justice in Linn County, Iowa. He waived extradition and was returned to prison in Illinois for violating his parole. He was discharged from prison on June 16, 2006. One week after being released from prison, Defendant was charged and later convicted in Iowa of possession of a controlled substance. He was sentenced to 2 days in jail.

In February 2008, Defendant was charged and later convicted of possession of a controlled substance, second offense. He was sentenced to 5 days in jail. In December 2008, Defendant was charged and later convicted of a controlled substance violation.[2] He was sentenced to 10 years in prison, but his prison term was suspended and he was placed

---

[2] According to Officer O'Brien, Defendant was convicted of delivery of crack cocaine.

3

on 3 years probation. Defendant was on probation for the controlled substance violation at the time of the incident giving rise to the instant federal offense.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. Defendant is a convicted felon. He knowingly possessed a firearm on December 28, 2011. In two separate interviews with law enforcement, Defendant admitted finding the firearm on December 28, and taking it into his possession. The Court is particularly concerned

with Defendant's history of violating parole and leaving Illinois to come to Iowa, and committing the instant offense while on probation for a controlled substance violation. Defendant also has a history of violent offenses, including robbery, battery, aggravated criminal sexual assault, and armed robbery. Additionally, as an armed career criminal, if convicted of the instant offense, Defendant faces a mandatory minimum prison term of 15 years in prison. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, Defendant's history of parole and probation violations, and the strong evidence against him, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (April 11, 2012) to the filing of this Ruling (April 13, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(D).

DATED this 13th day of April, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA